UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CRAIG DAVID OVERLA,

    Petitioner,      Case No. 1:21-cv-734

v.              Hon. Hala Y. Jarbou

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. (Pet., ECF No. 1, PageID.1.) A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the preliminary review required by § 2243, the Court concludes that the petition is properly transferred to the United States District Court for the Northern District of West Virginia, because the Court does not have subject matter jurisdiction to consider Petitioner's requests for relief under § 2241.

    Petitioner Craig David Overla is in the custody of the Federal Bureau of Prisons (BOP) at Federal Correctional Institution-Gilmer in Glenville, West Virginia. FCI-Gilmer is located in Gilmer County, *see* https://www.bop.gov/locations/institutions/gil/ (visited August 26, 2021), which falls within the boundaries the federal judicial district of the United States District Court for the Northern District of West Virginia, 28 U.S.C. § 129(a).

    Petitioner is serving a sentence imposed by this Court in *United States v. Overla*, No. 1:19-cr-100 (W.D. Mich.). In that proceeding, Petitioner has filed a motion seeking

compassionate release from custody. "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Petitioner seeks compassionate release because of the threat posed by the COVID-19 pandemic. That is the same reason Petitioner seeks release under § 2241. He contends that the conditions of his confinement violate the Eighth Amendment prohibition against cruel and unusual punishment and that release is the only remedy.

It is not within the jurisdiction of this Court to grant the relief Petitioner seeks under § 2241. A habeas petition under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) ("While a motion to vacate sentence under 28 U.S.C. § 2255 must be filed in the district court which sentenced the movant, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian." (citing *In re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999)). Petitioner's custodian is in West Virginia, not Michigan.

Section 1631 of Title 28, United States Code authorizes the Court to transfer a habeas petition to the federal district court having jurisdiction over a habeas petitioner's custodian. Accordingly, the Court will transfer the petition to the United States District Court for the Northern District of West Virginia.

**IT IS SO ORDERED**.

Dated:   August 31, 2021                                          /s/ Hala Y. Jarbou
                                                                     HALA Y. JARBOU
                                                                     UNITED STATES DISTRICT JUDGE